# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| RODARIUS GREEN a/k/a ROD WAVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | |
| VARIOUS JOHN DOES, JANE DOES and ) | |
| ABC COMPANIES ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

1.      This Court has exclusive jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §§1121, 1125, 1126 and 1116.  This action arises under the Lanham Trademark Act (15 U.S.C. §1051, et seq.).

2.      Plaintiff Rodarius Green a/k/a Rod Wave ("Plaintiff") is a resident of Florida.

3.      Upon information and belief, Defendants Various John Does and Jane Does are residents of or transact and do business in and/or will be present in Charlotte, North Carolina on and before November 15, 2023, or are now conspiring to travel and otherwise traveling to the other states listed in Exhibit A hereto and are subject to the jurisdiction of this Court.  The identities of the Various John Does and Jane Does are not presently known.

4.      Upon information and belief, Defendants ABC Companies, through their agents, servants and employees, transact and do business in and/or will be present in Charlotte, North

Carolina on and before November 15, 2023, or are now conspiring to travel and otherwise traveling to other states listed in Exhibit A hereto and are subject to the jurisdiction of this Court. The identities of the ABC Companies are not presently known.

## THE PARTIES

5.    Since as early as 2015, Rod Wave has used the ROD WAVE trademark to identify himself in all phases of the entertainment industry and to distinguish himself from other professional musical performers.

6.    Rod Wave owns the exclusive right to market merchandise, including, but not limited to, clothing, jewelry, photographs and posters bearing the ROD WAVE name, trademark, logos, and/or likeness at concert engagements throughout the United States.

7.    Defendants are numerous independent unlicensed peddlers and manufacturing and distributing companies who will be attempting to distribute and sell unauthorized bootleg and inferior merchandise embodying the ROD WAVE name, trademark, logos and/or likeness (hereinafter referred to collectively as "Bootleg Merchandise") including, but not limited to, t-shirts, outside the confines of the Spectrum Center, Charlotte, North Carolina on November 15, 2023 and at Rod Wave concerts on his present concert tour, a partial itinerary of which is listed on Exhibit A hereto, in violation of Plaintiff's rights under the Lanham Act.  The identities of Defendants are not presently known and cannot be known unless they voluntarily permit themselves to be identified.

## BACKGROUND

8.    To date, in excess of ten (10) million copies of recordings embodying the performances of Rod Wave have been sold.

9.    To date, in excess of two (2) Million Dollars' worth of licensed merchandise bearing the ROD WAVE name, trademark, logos and/or likeness have been sold.

2

10. Since as early as 2015, Rod Wave has used the ROD WAVE mark to identify his services as a musical performer. Rod Wave has sought to distinguish merchandise pertaining to him from merchandise made and sold and pertaining to others by prominently displaying the ROD WAVE trademark and/or likeness on t-shirts and other merchandise items associated with Rod Wave.

11. Rod Wave is on a concert tour of the United States. Virtually all those concerts are or will be sold out. The ROD WAVE concert itinerary, in part, is annexed hereto as Exhibit A.

12. Based upon what has occurred on this and prior tours, it can be stated with certainty that outside the concert halls at which ROD WAVE is performing, before, during and after his appearances, Defendants have sold and will attempt to sell imitation and inferior Bootleg Merchandise.

13. The sale of the Bootleg Merchandise by Defendants is and will be without Plaintiff's permission or authority.

14. This unlawful activity results in irreparable harm and injury to Plaintiff in that, among other things, it deprives Plaintiff of his absolute right to determine the manner in which his image is presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on his reputation as well as his commercial value and exclusive rights in the ROD WAVE trademark, and it irreparably harms and injures his reputation.

## AS AND FOR A FIRST CAUSE OF ACTION
## Violation of 15 U.S.C. §1125(a)

15.     Plaintiff repeats and realleges paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16.     This count arises under Section 43(a) of the Lanham Act relating to trademarks, trade names and unfair competition entitled "False Designation of Origin and False Descriptions Forbidden," 15 U.S.C. §1125(a), and involves false descriptions in commerce.

17.     The Rod Wave trademark, likeness and logos have been used widely throughout the United States.  As a result of that extensive use, the ROD WAVE trademark, likeness and logos have developed and now have a secondary and distinctive trademark meaning to purchasers of goods including, but not limited to, t-shirts.

18.     The Bootleg Merchandise sold by Defendants, which contains the ROD WAVE likeness, logos and/or trademark is of the same general nature and type as the merchandise sold and/or authorized to be sold by Plaintiff.  Because the Bootleg Merchandise is so related to and indistinguishable from authorized merchandise that Plaintiff sells, it is likely to, and is certainly intended to, cause confusion to purchasers.

19.     Defendants, by misappropriating and using the ROD WAVE trademark, likeness and logos, have misrepresented and falsely described to the general public the origin and source of the Bootleg Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Bootleg Merchandise sold at Rod Wave concert dates.

20.     In addition, Defendants' sale of the Bootleg Merchandise will infringe upon and dilute the Rod Wave trademark and logos.

4

21.     The Bootleg Merchandise is in most instances of inferior quality and the sale thereof will be damaging to and will dilute the goodwill generated by Plaintiff and the reputations that Plaintiff has developed in connection with the sale of legitimate and quality merchandise.

22.     Defendants' unlawful merchandising activities have been and will be conducted without Plaintiff's permission or authority of and those actions constitute express and implied misrepresentations that the Bootleg Merchandise was created, authorized or approved by Plaintiff. Defendants have not obtained any license, authority or approval to manufacture, distribute or sell such Bootleg Merchandise.

23.     Defendants' acts are in violation of 15 U.S.C. §1125(a) in that Defendants will use, in connection with goods and services, a false designation of origin and have caused and will continue to cause those goods (the Bootleg Merchandise) to enter into interstate commerce.

24.     Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, will suffer irreparable harm and injury to Plaintiff's image and reputation as a result thereof.

## DAMAGES

25.     Plaintiff repeats and realleges paragraphs 1 through 14 and 16 through 24 of this Complaint as if fully set forth herein.

26.     It is impossible to ascertain the amount of compensation that will afford Plaintiff adequate relief for Defendants' actual, threatened and contemplated unlawful activities and Plaintiff will have no adequate remedy in the event that such unlawful activities are allowed to occur.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

5

1.     The Court issue a Temporary Restraining Order and a Preliminary Injunction restraining, enjoining and prohibiting Defendants from manufacturing, distributing or selling all merchandise bearing the ROD WAVE name, trademark, logos and/or likeness and/or anything confusingly similar thereto.

2.     The Court order the United States Marshal(s), state county and/or local law enforcement authorities to seize and impound any and all of the merchandise described in subdivision 1 above, which the Defendants attempt to sell or hold for sale outside of and within the confines of the concert halls at which Rod Wave is performing before, during or after Rod Wave concert performances.

3.     After a hearing on the merits, this Court issue a Permanent Injunction prohibiting Defendants from selling or attempting to sell merchandise described in subdivision 1 above and ordering seizure and destruction of all such merchandise wherever found.

4.     Such other and further relief that this Court deems to be reasonable, necessary and just.

Dated:  November 9, 2023                    Respectfully Submitted,

                                            RODARIUS GREEN a/k/a ROD WAVE


                                            By his attorney,

                                            Richard M. McDermott
                                            McDermott IP Law
                                            Lofts at Historic Atherton Mill
                                            2108 South Boulevard
                                            Suite 104
                                            Charlotte, NC  28203
                                            704-451-2126
                                            rick@mcdermottiplaw.com
                                            www.mcdermottiplaw.com